UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FLORENCIO PEREZ,

    Petitioner,

vs.

JAMES GREG COX, et al.,

    Respondents.

Case No. 2:13-cv-01396-APG-PAL

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will deny the petition because it lacks merit on its face.

    Pursuant to a plea agreement in state district court, petitioner was convicted of one count of trafficking in a controlled substance, a violation of Nev. Rev. Stat. 453.3385(3). The state district court entered its judgment of conviction on June 22, 2010. Petitioner appealed. On January 13, 2011, the Nevada Supreme Court affirmed the conviction, but remanded to the district court for entry of an amended judgment to correct a clerical error. *Perez v. State*, No. 56466.[1] The original judgment stated that petitioner was convicted of violating a non-existent Nev. Rev. Stat. 458.3385(3). The amended judgment referred to the correct section, and was entered on February 10, 2011. Petitioner filed a notice of appeal from the amended judgment on May 19, 2011. The Nevada Supreme Court dismissed that appeal on June 7, 2011, because it was filed after the

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=24190 (report generated May 22, 2014).

expiration of the time to appeal a criminal judgment. *Perez v. State*, No. 58415.[2] To the best of the court's knowledge, petitioner has not filed a post-conviction habeas corpus petition in the state district court. On May 31, 2012, petitioner filed a motion to correct an illegal sentence in the state district court. It appears that the state district court has not ruled upon the motion. Petitioner filed a petition for a writ of mandamus in the Nevada Supreme Court. That court denied the petition on December 12, 2012. *Perez v. Second Judicial District Court*, No. 61896.[3] Petitioner mailed his federal habeas corpus petition to this court on July 31, 2013.[4]

The court cannot grant petitioner relief on the sole ground in the petition as written. Petitioner complains that the state court has not ruled upon his motion to correct an illegal sentence and that the Nevada Supreme Court did not take jurisdiction of the case through his mandamus petition. Petitioner is alleging errors in the state post-conviction review process, and those errors are not addressable in federal habeas corpus. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

Even construing the sole ground to examine the underlying claim, the petition is without merit. Plaintiff was convicted of trafficking in a controlled substance in violation of Nev. Rev. Stat. 453.3385(3). That statute provides, in relevant part and with emphasis added:

> [A] person who knowingly or intentionally sells, manufactures, delivers or brings into this State or who is knowingly or intentionally in actual or constructive possession of . . . any

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=26565 (report generated May 22, 2014).

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30069 (report generated May 22, 2014).

[4] The petition appears to be untimely pursuant to 28 U.S.C. § 2244(d). Petitioner's judgment of conviction became final on April 13, 2011, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. Petitioner then had one year to file a federal habeas corpus petition, with time spent on properly filed state post-conviction review not counting toward that year. 28 U.S.C. § 2244(d)(2). Even if the still-pending motion to correct an illegal sentence qualifies for tolling, the one-year period expired before petitioner filed that motion on May 31, 2012.
  The court notes this merely in passing. If the court ordered petitioner to show cause why the petition should not be dismissed as untimely, and if petitioner did show cause, then the court would be at the point where it is now: Reviewing a petition that is without merit on its face. Under these circumstances, requiring petitioner to show cause for the untimeliness of the petition serves no purpose.

> controlled substance which is listed in <u>schedule I</u> . . . or any mixture which contains any such controlled substance, shall be punished, . . . if the quantity involved: . . .
>
> 3.    Is 28 grams or more, for a category A felony by imprisonment in the state prison:
>
> (a)    For life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served; or
>
> (b)    For a definite term of 25 years, with eligibility for parole beginning when a minimum of 10 years has been served,
>
> and by a fine of not more than $500,000.

The controlled substance in petitioner's case was cocaine. Petitioner alleges that cocaine is a controlled substance listed in schedule II, not schedule I. Consequently, he argues that he should have been convicted of trafficking in a schedule II controlled substance, a violation of Nev. Rev. Stat. 453.3395, which has lighter punishments. Petitioner is incorrect. Nevada lists cocaine in schedule I of its controlled substances, with an exception that is not applicable to petitioner's case. Nev. Admin. Code 453.510(8). Petitioner was convicted of violating the correct statute.[5]

Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the court will not issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the clerk of the court file the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order. No response is required.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED**. The clerk of the court shall enter judgment accordingly.

///

---

[5] The court suspects that plaintiff bases his argument upon the federal schedules of controlled substances. Cocaine is listed in the federal schedule II of controlled substances. 21 U.S.C. § 812. The federal schedules are inapplicable to petitioner's case because he was convicted of violating state law, and Nevada has created its own schedules of controlled substances.

1 **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

2 Dated: May 24, 2014.

_____
ANDREW P. GORDON
United States District Judge